**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0467-WJM-KMT

MPVF LEXINGTON PARTNERS, LLC, a Delaware limited liability company, and
LEXINGTON DOWNTOWN HOTEL, LLC, a Delaware limited liability company,

    Plaintiffs,

v.

W/P/V/C, LLC, a Kentucky limited liability company,
VCI, INC. a Kentucky corporation,
PREMIUM FINANCIAL GROUP, LLC, a Delaware limited liability company,
VINE COMPANY, LLC, a Kentucky limited liability company,
MCV II, LLC, a Kentucky limited liability company,
THE WEBB COMPANIES, a Kentucky corporation,
R. DUDLEY WEBB, individually, and
D. WOODFORD WEBB, JR., individually,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Before the Court is Defendants' Motion for Reconsideration. (ECF No. 37.) This Court ordered Plaintiffs to respond by June 25, 2015. (ECF No. 39.) On June 26, 2015, Plaintiffs filed their response with no explanation—or even any apparent awareness—that they were filing a day late. Nonetheless, the Court denies Defendants' motion for the reasons explained below.

Defendants ask this Court to reconsider the following passage from this Court's order (ECF No. 34) denying Defendants' motion to transfer this case to the Eastern District of Kentucky ("Transfer Motion") (ECF No. 16):

> Defendants raise the possibility of "inconsistent judgments and rulings between this Court and the Kentucky Court."

> (ECF No. 24 at 4.)  Principles of claim and issue preclusion exist to resolve those problems, and regardless, transferring this lawsuit to the Eastern District of Kentucky would not eliminate the possibility of inconsistent judgments and rulings.  There would still be two lawsuits: one in Kentucky state court and one in Kentucky federal court.  Defendants' only real hope for avoiding the possibility of inconsistency would be to convince one court or the other to abstain from exercising jurisdiction or to stay the case.  Defendants could have brought an abstention or stay motion in this Court, but they have not done so.  Given that the orderly administration of justice would call for such a motion as part of (or simultaneously with) the Transfer Motion, the Court deems Defendants' failure to bring such a motion as a waiver of any abstention or stay argument based on the possibility of inconsistency with the Kentucky Action.

(ECF No. 34 at 11 n.4.)

"Had the Court granted the Transfer Motion," Defendants now say that they "would have immediately filed a motion to stay with the Eastern District of Kentucky and requested that it stay the case pending resolution of the Kentucky Action."  (ECF No. 37 at 2.)  In any event, Defendants now want to file (with this Court) an abstention motion, invoking the *Colorado River* doctrine.  (ECF No. 37-1.)

None of this makes much sense.  If Defendants all along wanted to stay all proceedings except for the Kentucky state-court action, they could have moved for a stay in Colorado state court instead of (or at least before) removing, or they could have removed to this Court (as they have done) and asked this Court for a stay.  It is hard to understand why they would want to remove from Colorado state court, then convince this Court to transfer the case to the Eastern District of Kentucky, and *then* ask *that* court to stay the case.  It is also somewhat disingenuous given their argument in the Transfer Motion that it would be all-around better to litigate this case in the Eastern

District of Kentucky (ECF No. 16 at 12), if in fact Defendants' intent from the beginning was *not* to litigate the case once it got to the Eastern District of Kentucky.

Defendants' current desire to file a motion to abstain is also hard to understand. Defendants themselves removed to this Court. (ECF No. 1.) Thus, they have already invoked federal subject matter jurisdiction. To move for abstention now suggests gamesmanship, which this Court will not tolerate.

The Supreme Court has long recognized "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). If what Defendants really intended all along was a motion to stay or to abstain (whether here or upon transfer to Kentucky), then Defendants wasted this Court's time with their Transfer Motion. At this stage, the need to promote economy of time and effort convinces the Court that it should not permit Defendants to claim any more of the Court's, opposing counsel's, or the litigants' time with questionable procedural maneuvering.

Moreover, Defendants' proposed abstention motion relies on an inaccurate premise. Defendants' proposed motion continues to see this case and the Kentucky state-court case as parallel, addressing essentially the same substantive issues. (ECF No. 37-1 at 8–9.) As this Court previously stated, however, Plaintiffs' theory of liability is that the very existence of the Kentucky state-court action is a breach of the parties' contract. (ECF No. 34 at 7–8.) That is a different question than the underlying substantive issues being litigated in Kentucky.

For all these reasons, Defendants' Motion to Reconsider is DENIED.

Dated this 29th day of June, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge