IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00467–WJM–KMT

MPVF LEXINGTON PARTNERS, LLC a Delaware limited liability company; and
LEXINGTON DOWNTOWN HOTEL, LLC, a Delaware limited liability company

  Plaintiffs,

v.

W/P/V/C, LLC, a Kentucky limited liability company,
VCI, INC., a Kentucky corporation,
PREMIUM FINANCIAL GROUP, LLC, a Delaware limited liability company,
VINE COMPANY, LLC, a Kentucky limited liability company;
MCV II, LLC, a Kentucky limited liability company,
THE WEBB COMPANIES, a Kentucky corporation,
R. DUDLEY WEBB, an individual, and
D. WOODFORD WEBB, JR., an individual.,

  Defendants.

## ORDER

This matter is before the court on the parties "Joint Motion to Temporarily Stay Discovery Pending Ruling on Pending Motion for Summary Judgment" (Doc. No. 45, filed July 15, 2015).

Although a stay of proceedings in a case is generally disfavored, the court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–0 1 934–LTB–PAC, 2006 WL 894955, at

*2 (D.Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., Federal Practice and Procedure § 2040, at 521–22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C.2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident*, LLC, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would not prejudice Plaintiffs, as they do not the Motion. Moreover, Plaintiffs have filed a Motion for Summary Judgment that they maintain will dispose of the entire action. Therefore, the court finds that the first *String Cheese Incident* factor weighs in favor of a stay. With regard to the second factor, the parties argue that allowing discovery to go forward at this stage would burden all parties by causing them to embark on expensive discovery that may or may not be needed. Moreover, the parties contend that the damages sought by Plaintiffs in this action under their claim for indemnity include the attorneys' fees incurred by Plaintiffs in this action, and that Proceeding with discovery now will increase the amount of damages incurred by Plaintiffs and for which Defendants may be liable in the event this grants the pending Motion for Summary Judgment. The court finds that the second *String Cheese Incident* factor weighs in favor of a stay. With regard to the third factor, it is more convenient for the court to enter a stay until it is clear that the case will move forward. The court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay. With regard to the fifth and final factor, the court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Therefore, it is **ORDERED** that the "Joint Motion to Temporarily Stay Discovery Pending Ruling on Pending Motion for Summary Judgment" (Doc. No. 45) is **GRANTED.** All discovery in this matter is **STAYED** pending ruling on Plaintiffs' Motion for Summary

Judgment.  The parties shall file a joint status report within ten days of ruling on the Motion for Summary Judgment to advise if a Scheduling Order should be set.

Dated this 30th day of July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge